Our File No.  TAR-230-CM
FISHMAN MCINTYRE BERKELEY LEVINE SAMANSKY, P.C.
120 Eagle Rock Avenue
East Hanover, New Jersey 07936
Tel: (973) 560-9000
Fax: (973) 560-0060
Attorneys for Defendant, Target Corporation

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JILL DEARNESS<br><br>            Plaintiff,<br><br>-vs-<br><br>TARGET CORPORATION and ABC CORP.;<br>name being fictitious and believed to be the<br>entity(s) that provides janitorial services to the<br>Target at 130 State Route 10, East Hanover,<br>New Jersey<br><br>            Defendant | CIVIL ACTION NO. |

**PETITION FOR REMOVAL**

Petitioner, Target Corporation, by its attorneys, Fishman McIntyre Berkeley Levine Samansky, P.C., respectfully petitions the United States District Court for the District of New Jersey as follows:

1. Target Corporation first received a copy of the Complaint on or about September 4, 2020 through their registered agent.

2. This case was commenced on August 28, 2020 in the Superior Court of New Jersey, Law Division, Essex County Suit is identified in the Superior Court as <u>Dearness, Jill v. Target Corporation,</u> Docket No. L-5751-20. (See Exhibit A)

3. The filing of this Petition for Removal is timely because it is filed within thirty days

of the date Target Corporation first received notice of the lawsuit.

4. The plaintiff's Complaint in the Superior Court of New Jersey, Law Division, Essex County, asserts damages of a non-specified amount. Plaintiff, Jill Dearness, alleges she was caused to slip and fall due to a liquid substance on the floor, causing her to sustain severe and permanent personal injuries. As such, Target Corporation, believes the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Target Corporation is informed and believes that Plaintiff, Jill Dearness, is an individual citizen of the State of New Jersey. Defendant/petitioner, Target Corporation is incorporated in the State of Minnesota and its principal place of business is in the State of Minnesota. The action is therefore between citizens and a corporation of other states.

6. Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441.

WHEREFORE, Petitioner, Target Corporation, defendants in the action described herein, which is currently pending in the Superior Court of the State of New Jersey, Law Division, Essex County, Docket No. L-5751-20, prays that this action be removed therefrom to this Court.

DATED: October 1, 2020           Target Corporation

                                 BY: _____
                                    Christopher E. McIntyre, Esq.

I certify that a true copy of the Complaint filed in the Superior Court of the State of New Jersey, County of Essex, along with a copy of the Summons issued to this defendant, is annexed hereto as Exhibit A.

                                 BY: _____
                                    Christopher E. McIntyre, Esq.

# EXHIBIT A

Glenn Verchick, Esq.
Attorney ID#022141989
125 Elm Street, Suite 3
Westfield, New Jersey 07090
Attorney for Plaintiff, Jill Dearness

| | |
|---|---|
| Jill Dearness, | ) Superior Court of New Jersey |
| | ) Law Division: Essex County |
| Plaintiff(s), | ) |
| | ) Docket No.: ESX-L-005751-20 |
| vs. | ) |
| Target Corporation and ABC | ) Civil Action |
| Corp., name being fictitious | ) |
| and believed to be the | ) COMPLAINT, DEMAND FOR JURY, |
| entity(s) that provides | ) DESIGNATION OF TRIAL COUNSEL, |
| janitorial services to the | ) AND R. 4:5-1 CERTIFICATION |
| Target at 130 State Route 10, | |
| East Hanover, New Jersey, | |
| | |
| Defendant(s) | |

Plaintiff(s), Jill Dearness residing at 220 East Cedar Street, in the Town of Livingston, State of New Jersey says:

### FIRST COUNT

1. This action is being commenced within two (2) years after accrual of this cause of action or within the time allowed by law.

2. Defendant Target Corporation (hereinafter, "Target") was and is a foreign corporation duly organized and existing under and by virtue of the laws of the

State of Minnesota that is authorized to do business in the State of New Jersey.

3. On or about May 29, 2020, Defendant Target owned a certain property located at 130 State Route 10, East Hanover, New Jersey.

4. On or about May 29, 2020, Defendant Target and/or its agents, servants, licensees, affiliates, lessees and/or employees, owned the property at 130 State Route 10, East Hanover, New Jersey.

5. On or about May 29, 2020, Defendant Target and/or its agents, servants, licensees, affiliates, lessees and/or employees, operated the aforesaid property at 130 State Route 10, East Hanover, New Jersey.

6. On or about May 29, 2020, Defendant Target and/or its agents, servants, licensees, affiliates, lessees and/or employees controlled the aforesaid property at 130 State Route 10, East Hanover, New Jersey.

7. On or about May 29, 2020, Defendant Target, and/or its agents, servants, licensees, affiliates, lessees and/or employees, maintained, managed and repaired the aforesaid property at 130 State Route 10, East Hanover, New Jersey.

8. On or about May 29, 2020, Defendant Target and/or its agents, servants, licensees, affiliates, lessees

and/or employees, operated a retail store at the aforesaid property at 130 State Route 10, East Hanover, New Jersey.

9. On or about May 29, 2020, Defendant Target and/or its agents, servants, licensees, affiliates, lessees and/or employees, leased the aforesaid property at 130 State Route 10, East Hanover, New Jersey.

10. On or before May 29, 2020, Defendant Target and/or its agents, servants, licensees, affiliates, lessees and/or employees, constructed the aforesaid property at 130 State Route 10, East Hanover, New Jersey.

11. On or about the afternoon of May 29, 2020, Plaintiff, Jill Dearness while walking near aisles B7-B9 of Target at 130 State Route 10, East Hanover, New Jersey was caused to slip and fall due to a liquid substance on the floor, causing her to sustain severe and permanent personal injuries.

12. That Defendant, Target, and/its agents, employees and/or servants, negligently and carelessly failed to provide a safe place for Plaintiff and other pedestrians to traverse the aisles at said location; in that the aforementioned location was allowed to become slippery, unsafe and treacherous due to a

liquid substance on the floor; the placement of the liquid substance caused a dangerous and hazardous condition; in failing to take proper and adequate measures and precautions to avoid and/or prevent the happening of the occurrence complained of, in failing to inspect, timely inspect, and place warning cones and signs; in failing to reasonably anticipate that persons lawfully traversing said area could sustain physical injuries by reason of the unsafe, dangerous and hazardous condition that existed; all of which Defendant, had due notice, or by reasonable inspection thereof might and should have had due notice of said condition, or created said condition causing the injures to Plaintiff, Jill Dearness.

13. On or about May 29, 2020, Defendant Target and/or its agents, servants, licensees, affiliates, lessees and/or employees had a duty to keep and maintain the aisles of 130 State Route 10, East Hanover, New Jersey, in a safe condition for persons lawfully traversing thereon.

14. On or about May 29, 2020, Defendant Target and/or its agents, servants, licensees, affiliates, lessees and or employees were negligent and careless

in permitting the accident location to be and remain in an unsafe, dangerous, defective and trap-like condition.

15. On or before May 29, 2020, Defendant Target and/or its agents, servants, licensees, affiliates, lessees and or employees were negligent and careless in permitting the accident location to come and remain in unsafe, dangerous, defective and trap-like condition in that the condition included, but was not limited to, a liquid substance on the floor thereby presenting an unsafe, dangerous, defective and trap-like condition.

16. Defendant Target, and/or its agents, servants, licensees, affiliates, lessees and or employees caused, created, kept, maintained and continued to maintain the accident location in such an unsafe, dangerous, defective and trap-like condition on or before May 29, 2020, that it constituted a nuisance, hazard, danger and a trap to the public at large, and in particular to the Plaintiff.

17. That said accident and the injuries to Plaintiff, Jill Dearness, resulting there from, were caused solely by the negligence of the Defendants, and

without any negligence on the part of this Plaintiff contributing thereto.

18. That by reason of the negligence and carelessness of Defendants herein, Plaintiff, Jill Dearness, was seriously, permanently injured, became sick, sore, lame and disabled, suffered severe pain and received medical, hospital and nursing services and incurred and will incur medical expenses and other economic damages.

Wherefore Plaintiffs, Jill Dearness demands judgment against all defendants for damages, interest and cost of suit.

### SECOND COUNT

1. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "18" of the First and Second Count of this complaint inclusive, as fully as though they were set forth herein at length.

2. Defendant ABC CORP, is an entity presently unknown to Plaintiff that provides janitorial services to the Target store located at 130 State Route 10, East Hanover, New Jersey.

3. Defendant ABC Corp is a New Jersey corporation.

4.  Defendant ABC Corp is a foreign corporation authorized to do business in the State of New Jersey.

5.  On or about May 29, 2020, Defendant ABC CORP and/or its agents, servants, licensees, affiliates, lessees and/or employees controlled the aforesaid property at 130 State Route 10, East Hanover, New Jersey.

6.  On or about May 29, 2020, Defendant ABC CORP, and/or its agents, servants, licensees, affiliates, lessees and/or employees, maintained, managed and repaired the aforesaid property at 130 State Route 10, East Hanover, New Jersey.

7.  On or about May 29, 2020, Defendant ABC CORP and/or its agents, servants, licensees, affiliates, lessees and/or employees, provided janitorial and related services to the retail store at the aforesaid property at 130 State Route 10, East Hanover, New Jersey.

8.  On or about the afternoon of May 29, 2020, Plaintiff, Jill Dearness while walking near aisles B7-B9 of the target store at 130 State route 10, East Hanover, New Jersey was caused to slip and fall due to a liquid substance on the floor, causing her to sustain severe and permanent personal injuries.

9.  That Defendant, ABC CORP, and/or its agents, employees and/or servants, negligently and carelessly

failed to provide a safe place for Plaintiff and other pedestrians to traverse the aisles at said location; in that the aforementioned location was allowed to become slippery, unsafe and treacherous due to a liquid substance on the floor; the placement of the liquid substance caused a dangerous and hazardous condition; in failing to take proper and adequate measures and precautions to avoid and/or prevent the happening of the occurrence complained of, in failing to inspect , timely inspect, and place warning cones and signs, in failing to reasonably anticipate that person lawfully traversing said area could sustain physical injuries by reason of the unsafe, dangerous and hazardous condition that existed; all of which defendant, had due notice, or by reasonable inspection thereof might and should have had due notice of said condition, or created said condition, causing the injuries to plaintiff, Jill Dearness.

10. On or about May 29, 2020, Defendant ABC CORP and/or its agents, servants, licensees, affiliates, lessees and/or employees had a duty to keep and maintain the aisles of the Target store at 130 State Route 10, East Hanover, New Jersey, in a safe condition for persons lawfully traversing thereon.

11. On or before May 29, 2020, Defendant ABC CORP and/or its agents, servants, licensees, affiliates, lessees and or employees were negligent and careless in permitting the accident location to be and remain in an unsafe, dangerous, defective and trap-like condition.

12. On or before May 29, 2020, Defendant ABC CORP and/or its agents, servants, licensees, affiliates, lessees and or employees were negligent and careless in permitting the accident location to come and remain in unsafe, dangerous, defective and trap-like condition in that the condition included, but was not limited to, a liquid substance on the floor thereby presenting an unsafe, dangerous, defective and trap-like condition.

13. Defendant ABC CORP, and/or its agents, servants, licensees, affiliates, lessees and or employees caused, created, kept, maintained and continued to maintain the accident location in such an unsafe, dangerous, defective and trap-like condition on or before May 29, 2020, that it constituted a nuisance, hazard, danger and a trap to the public at large, and in particular to the Plaintiff.

14. That said accident and the injuries to Plaintiff, Jill Dearness, resulting there from, were caused solely by the negligence of the Defendants, and without any

negligence on the part of this Plaintiff contributing thereto.

15. That by reason of the negligence and carelessness of Defendants herein, Plaintiff, Jill Dearness, was seriously permanently injured and became sick, sore, lame and disabled, suffered severe pain and received medical, hospital and nursing services and incurred and will incur medical expenses and other economic damages.

Wherefore Plaintiff, Jill Dearness demands judgment against all Defendants for damages, interest and cost of suit.

### JURY DEMAND

**Please take notice** that the Plaintiff(s) demand a trial by jury.

### DESIGNATION OF TRIAL COUNSEL

**Please take notice** that the Plaintiff(s) hereby designate Glenn Verchick as trial counsel.

### RULE 4:5-1 CERTIFICATION

I certify that the matter in controversy is not the subject of any action or arbitration proceeding, nor is it

contemplated and that no other party should be joined in this action.

Dated: August 28, 2020

Glenn Verchick
Attorney for Plaintff(s)

_____
Glenn Verchick, Esq.

**Case Details:** | **Case Number: ESX-L-005751-20**
Case Caption: DEARNESS JILL VS TARGET CORPORATION

| | | |
|---|---|---|
| Court: Civil Part | Venue: ESSEX | Case Initiation: 08/28/2020 |
| Case Track: 2 | Case Status: Active | Jury Demand: YES - 6 JURORS |
| Case Type: PERSONAL INJURY | Judge: STECHER, BRIDGET, A | Team: 3 |
| Law Firm Case ID: 022141989 | | |

**Transaction Information**

| | | |
|---|---|---|
| Transaction ID: LCV20201520252 | Received by eCourts On: 08/28/2020 | Total Payment Amount: $250.00 |

Documents Received:
COMPLAINT
Case Information Statement



9-8-2020              108004H0001              6020200908006575



# CT Corporation

**Service of Process Transmittal**
09/04/2020
CT Log Number 538200201

**TO:** Sue Carlson
Target Corporation
1000 Nicollet Mall
Minneapolis, MN 55403-2542

**RE:** **Process Served in New Jersey**

**FOR:** Target Corporation (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jill Dearness, Pltf. vs. Target Corporation and ABC Corp., etc., Dft. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # ESXL00575120 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, West Trenton, NJ |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/04/2020 at 10:30 |
| **JURISDICTION SERVED:** | New Jersey |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/04/2020, Expected Purge Date: 09/09/2020<br><br>Image SOP<br><br>Email Notification, Non Employee Litigation Target gl.legal@target.com |
| **SIGNED:**<br>**ADDRESS:** | The Corporation Trust Company<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Page 1 of 1 / VA

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.